OCTOBER 16, 1804.

# William Worley *v.* Joshua Taylor.

*Upon a writ of error to reverse a judgment of the Circuit Court of Franklin county.*

A special bail against whom judgment has been recovered by *scire facias,* and who has paid the debt, can not recover the amount thereof by motion against the principal debtor under the act empowering securities to recover damages in a summary way.

The only question in these cases is, whether special bail, against whom a judgment has been recovered by *scire facias,* and who has paid the debt, can recover the amount thereof by motion under the act to empower *securities* to recover damages in a summary way?

From an attentive examination of that act, it is conceived that a special bail is not included within the letter or equity of the act. He is not within the letter. The remedy given by the second section clearly refers to *securities* against whom judgments have been entered upon any *note, bill, bond,* or *obligation,* where there was a principal obligor or obligors, for whom they had been bound as securities. But it was insisted for the defendant "that a recognizance of special bail is an obligation, and that an action of debt could be maintained on it, and therefore the special bail was bound as a security in an obligation to pay the debt of the principal." This is true only *sub modo.* The bail undertakes only conditionally; a security who is bound with his principal co-obligor, undertakes absolutely and unconditionally for the payment of the money. Again, the mode of proceeding is as different as the undertaking. In the case of bail, there must first be a judgment against the principal debtor; he must fail to pay it, and also fail to render himself in execution, before any proceedings can be had against the bail. Not so with a security who is bound with his principal co-obligor. The suit may be brought against the security and judgment obtained against him without one being had against the principal obligor; besides, bail may defend himself in many ways in which a security can not, and may finally discharge himself by a surrender of the principal debtor, who he may seize

Worley *v.* Taylor.

without his consent any where and at any time before the return of a *ca. sa.* and the debt still remain unpaid. A security has no such remedies, nor can he take any step to discharge himself. There is certainly, then, in legal understanding, a material difference between "bail and security," and therefore the legislature, in using the word "*security*," could not intend thereby to include *bail*. But the fourth section of the act must remove every doubt, if any could remain. This section provides against a security confessing a judgment to distress his principal, if such principal will enter himself a party to the suit, and tender sufficient collateral security to be approved of by the court. Now, suppose an action of debt be brought, or a *scire facias* sued out upon a recognizance of special bail, how would the confession of judgment by the bail distress the principal debtor? After the judgment is confessed, the proceedings are had against the bail or his estate, not against the principal debtor. In what manner would the principal make himself a party, and for what purpose would it be? There is a judgment against him already—what could he plead to? Nothing which could have been plead to the original action. This must show the absurdity of confounding the terms, and that the case of special bail is not included within the provisions of the act. Nor is he within the equity, because he is not within the mischief which the act intended to remedy. The preamble, as well as other parts of the act, evidently show that the legislature intended to provide a summary remedy in cases between principal obligors and their securities only, nor was it necessary to extend it to a special bail, because neither the insolvency of the principal debtor nor the tardy administration of justice could charge a special bail with the debt, unless by his own fault or negligence; for the different modes in which special bail may be discharged are so many advantages given by the law, and which are not permitted to securities who are bound as co-obligors with their principals. Therefore, it is considered by the court, that the judgments aforesaid be reversed and set aside, and that the plaintiff recover of the defendant his costs in this behalf expended, which is ordered to be certified to the said circuit court.